UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOBBY CANDRA, ZHAFIRAH CANDRA, ALBERT CANDRA, and MUHAMMAD CANDRA | ) ) ) | |
| Plaintiff/Petitioners, | ) ) | Case No.:1:18-cv-10823-PBS |
| v. | ) ) | |
| CHRIS M. CRONEN Boston Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement | ) ) ) ) ) | |
| TIMOTHY STEVENS Manchester Sub-Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement | ) ) ) ) ) | |
| KEVIN McALEENAN Acting Secretary of the U.S. Department of Homeland Security | ) ) ) ) | |
| Respondents/Defendants. | ) ) | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 65, L.R. 7.1, and L.R. 40.4, Petitioner Bobby Candra and

Plaintiffs Zharfirah Candra, Albert Candra, and Muhammad Candra (the "Candra Children") seek

a temporary restraining order, restraining Defendants from enforcing against Mr. Candra a final

order of removal.  As grounds, Petitioner and Plaintiffs say:

1.    On September 18, 2017, U.S. Immigration and Customs Enforcement ("ICE")

denied Petitioner Bobby Candra's request for a stay of removal (the "Denial"), without making

any findings supporting to support the exercise of its discretion to deny the request.  Dkt. No. 1 ¶

25.

2.      Mr. Candra and the Candra Children initiated this action on April 27, 2018, seeking a stay of the execution of the removal order against Mr. Candra and declaratory and injunctive relief on behalf of the Candra Children.  *See generally id.*

3.      On May 16, 2018, the Government moved to dismiss the claims of Mr. Candra and the Candra Children (the "Motion to Dismiss").  *See generally* Dkt. Nos. 25–26.

4.      On February 21, 2019, this Court allowed the Motion to Dismiss as to Count I.  Dkt. No. 41 at 12.

5.      On Count II, the Court allowed the Motion to Dismiss "without prejudice to [the Candra Children's] amending the Complaint within 60 days to seek alternative relief."  *Id.* at 21.

6.      On April 15, 2019, Mr. Candra filed a motion with the Board of Immigration Appeals (the "BIA") to reopen proceedings based on changed country conditions in Indonesia and to allow him to seek asylum and withholding of removal (the "Motion to Reopen").  The Motion to Reopen describes previously unavailable evidence of developments in the past year that present serious danger of persecution and harassment to Mr. Candra and his family if they are forced to relocate to Indonesia.  The Motion to Reopen also asks the BIA to stay Mr. Candra's removal pending the BIA's decision and Mr. Candra's exhaustion of all administrative and judicial remedies.

7.      On April 16, 2019, Mr. Candra and the Candra Children timely filed the Amended Complaint in this action.  Count I of the Amended Complaint seeks a writ of *habeas corpus* on behalf of Mr. Candra on the *new* grounds that removal to Indonesia prior to the full and fair adjudication of Motion to Reopen would violate Mr. Candra's right not to be removed to a country where he would face religious persecution under 8 U.S.C. § 1231(b)(3)(A).  *See Devitri v. Cronen*, No. 1:17-cv-11842-PBS, Dkt. No. 90 at 14–15, 23 (D. Mass.) (granting injunction to prevent

removal in violation of "a statutory right to move to reopen [based on changed country conditions] and an entitlement to not be deported to a country where persecution would occur") (citing 8 U.S.C. § 1231(b)(3)(A)).  Count II of the Amended Complaint seeks relief on behalf of the Candra Children under the Administrative Procedure Act in the form of a declaration that the Denial violated ICE's own regulations, unlawfully revoked a rule without following statutorily mandated procedures, and thus violated their right to Due Process, and for an order remanding the matter to ICE for further proceedings.

8.      In considering whether to grant a preliminary injunction, courts consider: "(i) the movant's likelihood of success on the merits of its claims; (ii) whether and to what extent the movant will suffer irreparable harm if the injunction is withheld; (iii) the balance of hardships as between the parties; and (iv) the effect, if any, that an injunction (or the withholding of one) may have on the public interest." *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013); *see also W. Holding Co., Inc. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377 (1st Cir. 2014).

9.      On review of a motion for a temporary restraining order, the court weighs the same four factors that apply to the motion for preliminary injunction. *See Commerce Bank & Tr. Co. v. Prop. Administrators, Inc.*, 252 F. Supp. 3d 14, 16 (D. Mass. 2017).  The principal purpose of a temporary restraining order is to preserve the status quo until a court can review the merits of a request for injunctive relief, and afford the opponent an opportunity to be heard, the irreparable harm factor is crucial. *See* Fed. R. Civ. P. 65(b)(2) (requiring order to articulate nature of irreparable harm).  An order briefly restraining Defendants from executing a removal order against Mr. Candra while this Court considers the requests for relief in the Amended Complaint would provide the opportunity for that review.  Mr. Candra and the Candra Children will suffer obvious and irreparable harm without it. *See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*,

645 F.3d 26, 32 (1st Cir. 2011) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.") (citation omitted).

10.    Mr. Candra is likely to succeed on the merits of his petition for substantially similar reasons to those articulated by the Court in *Devitri v. Cronen*, 2018 WL 661518 (D. Mass. 2018). Congress created a statutory right to file a motion to reopen proceedings, 8 U.S.C. § 1129(c)(7), and, when a motion is denied, to file a petition for review with the proper Circuit Court of Appeals, 8 U.S.C. § 1252(a)(1).  Mr. Candra has made a colorable claim to relief before the Board in his April 15, 2019 Motion to Reopen based on changed country conditions.

11.    The prospect that ICE could act to remove Mr. Candra while the Court considers the Amended Complaint threatens the Candra Children with irreparable harm as well.  Absent injunctive relief, when the Court's February order granting the government's motion to dismiss becomes final on April 22, 2019, there is a risk that ICE could move to execute Mr. Candra's removal even while this Court considers the Amended Complaint.  This would likely involve ICE's ordering Mr. Candra, as it did last spring, to report with airline tickets and a travel itinerary showing his departure from the United States within a brief period, accompanied by Mr. Candra's and the Candra Children's again moving for emergency relief at that time.  This would be a major disruption to the Candra family's daily life and peace of mind, the impact of which would fall heavily on Zhafirah as a result of her mental health issues, as the sealed affidavits in this case demonstrate.  If ICE were successful in removing Mr. Candra, the Candra Children would be forced to relocate to Indonesia with him, as he is their sole source of financial support.  They would thus be thrust into a country where they face the very danger of persecution that Mr. Candra seeks to avoid through the Motion to Reopen.

12.    As the Declaration of Bobby Candra, the Declaration of Zhafirah Candra, and the related filings made today show, the balance of harms and the public interest both heavily favor a brief stay of the proceedings so that the Court may consider the request for a preliminary injunction. *See*

*Voice of the Arab World, Inc.*, 645 F.3d at 32.  These two factors may be considered together.  *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

       13.     A form of order is attached.

       14.     Mr. Candra and the Candra Children request a hearing on this motion on or before April 22, 2019.

       **WHEREFORE**, Petitioner and Plaintiffs request that the Court enter a temporary restraining order, substantially in the form attached, that restrains the Defendants from enforcing the order that Mr. Candra leave the country, for a period of fourteen days, or for such time as the Court deems necessary to hear and decide the motion for preliminary injunction being filed today, and for such other and further relief as may be just and proper.

April 16, 2019

Respectfully submitted,

PETITIONER/PLAINTIFFS

By Their Attorneys,

*/s/ Sabin Willett*
Sabin Willett (BBO #542519)
Arcangelo S. Cella (BBO # 690438)
Christina M. Aylward (BBO # 698499)
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA  02110
(617) 341-7700
*sabin.willett@morganlewis.com*
*arcangelo.cella@morganlewis.com*
*christina.aylward@morganlewis.com*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by email on April 16, 2019.

*/s/ Sabin Willett*